GEOPHYSICAL SYSTEMS CORP.,
etc., Plaintiff,

v.

SEISMOGRAPH SERVICE
CORPORATION, etc.,
Defendant.

No. CV 85–8359 AWT.

United States District Court,
C.D. California.

June 11, 1990.

See also, 117 F.R.D. 646.

Robert G. Badal, Victoria A. Pynchon, Wayne M. Smith, Pepper, Hamilton & Scheetz, Los Angeles, Cal., for plaintiff.

Stephen J. Holtman, James A. Gerk, David A. Hacker, Simmons, Perrine, Albright & Elwood, Cedar Rapids, Iowa, for defendant.

## MEMORANDUM DECISION AND ORDER

TASHIMA, District Judge.

This is an action for breaches of warranties in connection with the sale of computer hardware and software to be used for processing voluminous seismic exploration data. The court's jurisdiction rests on diversity of citizenship; plaintiff's principal place of business is in California; defendant's is in Oklahoma. The action is governed by Oklahoma law [1]. Two "Phoenix VAX" computers are at issue in this action. They were delivered to and used at plain-

1. For the most part, the applicable substantive law is the Uniform Commercial Code as adopted in Oklahoma and construed by Oklahoma courts.

tiff's facilities in Pasadena, California, and Houston, Texas.

On June 5, 1990, the court heard and denied plaintiff's motion *in limine* to "disqualify" three of defendant's expert witnesses who are geophysicists and who will opine on aspects of geophysics as applied in the petroleum exploration industry, particularly in seismic exploration. The asserted ground of disqualification is that none of these expert witnesses is licensed to practice geophysics in accordance with local law. Because there is virtually no case law on the issue and because it is one of potentially wide impact[2], the court briefly sets forth its reasons for denial of the motion.[3]

The California Geologist and Geophysicist Act (Act) requires that all persons who "practice" geophysics within the state be registered. *See* Cal.Bus. & Prof.Code § 7800 *et seq.* Relying on state regulations which define the practice of geophysics to include the preparation and dissemination of geophysical reports on which others "may reasonably be expected to rely," Cal. Adm.Code § 3003(f)(2), plaintiff contends that testifying as an expert witness on geophysics constitutes the practice of geophysics. Because defendant's unlicensed experts are barred from the practice of geophysics in California[4], they also should be barred from testifying in court as experts in geophysics. This argument is rejected for several reasons.

■ First, the question of who can testify as an expert witness in federal court is governed by federal law, primarily the Federal Rules of Evidence. F.R.Evid. 101. Although the Rules contain numerous provisions pertaining to witnesses generally, Art. VI, and to expert testimony in particular, Art. VII, nothing therein refers us to state law for any rules regarding the qualification or disqualification of expert witnesses. This cannot be an oversight, because the drafters of the Rules knew how refer to state law when they so deliberately made that policy choice. *See* F.R.Evid. 501 (where state law supplies the rule of decision, state law of privileges applies). Thus, state law cannot disable an expert witness from testifying in federal court.[5]

■ Moreover, the court concludes that the rendering of an expert opinion in court is not the practice of a profession, as professional practice is commonly understood for licensure purposes. "Practice" for such purposes means the rendering of opinions and advice upon which a client may rely and act, *i.e.*, base an economically consequential decision.[6] In contrast, expert opinion is rendered in a case such as that at bench to assist the trier of fact in making an after-the-fact evaluation of events or transactions. Although it clearly may have economic consequences, it is not relied on by a client in any economic sense for any economic purpose. And it is the latter which constitutes the practice of a profession. Thus, the rendering of expert geophysical opinion testimony in court does not constitute the practice of geophysics under the Act.[7]

---

**2.** Although this case involves geophysicists, the rule espoused by plaintiff would apply to any expert witness, regardless of his or her profession, so long as that profession was one regulated by the state.

**3.** When the ruling was made, the Court orally set forth its reasons for the ruling. This memorandum is a more complete explication of those reasons.

**4.** The unauthorized practice of geophysics is a misdemeanor. Cal.Bus. & Prof.Code § 7872(a).

**5.** The misdemeanor provision of the Act applies only to one who, without registration, practices geophysics within this state "without legal authorization," *i.e.*, it apparently exempts those who are legally authorized. Cal.Bus. & Prof. Code § 7872(a). Although the issue is not before the court, it would appear that if testifying as an expert witness in geophysics constitutes the practice of geophysics, testifying under the authority of the Federal Rules of Evidence would be acting with "legal authorization."

**6.** There may be exceptions. The example which springs to mind is the cause of death opinion of a pathologist rendered on a *post mortem* examination. Such an opinion, however, has other important, albeit largely non-economic, consequences, including those implicating public health.

**7.** Another context in which the rendering of a geophysical opinion on which others may be expected to rely which may not constitute the "practice" of geophysics would be an opinion

Plaintiff has cited no case which squarely supports its proposition. It cites only one case in support of its motion and that case is distinguishable. *McGee v. Cessna Aircraft Co.*, 139 Cal.App.3d 179, 188 Cal. Rptr. 542 (1983), involved the issue of whether or not an employee of the Federal Aviation Administration (FAA) should be allowed to testify as a percipient witness and to render his opinion as an airworthiness expert in an aircraft crash case. The court held that he could testify as to what he perceived and how the FAA conducted its investigation. However, because FAA regulations prohibit its employees from giving opinion testimony, the court held that he could not testify as an expert. *Id.* at 192, 188 Cal.Rptr. 542. Sound policy reasons extrinsic to the rules of evidence support judicial interpretation of the FAA rule. *See, e.g., Keen v. Detroit Diesel Allison*, 569 F.2d 547 (10th Cir.1978)[8]. Plaintiff has offered no policy reason why an out-of-state expert should be required to comply with local professional licensure rules as a *per se* condition precedent to testifying as an expert, regardless of the witness' other qualifications.[9] Or, to put it obversely, why expert witnesses should be limited to local practitioners. Such provincialism should be eschewed rather than encouraged. If there is any relevance to being a local licenciate, that fact or the absence of it may be adduced to the trier of fact.

IT IS ORDERED that plaintiff's motion to disqualify defendant's expert witnesses from testifying at trial on any issue relating to geophysics is DENIED.

rendered by a professor of geophysics to his or her students in an academic setting.

**8.** Although *McGee* cites *Keen* in support of its statement of the no-opinion rule, 139 Cal.App.3d at 192, 188 Cal.Rptr. 542, *Keen* does not endorse as restrictive a rule as stated in *McGee.* The holding in *Keen* is only that an FAA employee may not render an opinion on the ultimate issue in the case, there the proximate cause of the accident. 569 F.2d at 551.

**9.** "Policy," or the rationale justifying the rule, is important because there is a federal common law of evidence, as well as the Federal Rules of Evidence. *See, e.g., Trammel v. United States*, 445 U.S. 40, 47, 100 S.Ct. 906, 910, 63 L.Ed.2d 186 (1980) (spousal privilege).